**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEMBERG SALES AGENCY, INC.,
a domestic corporation,                          Case No.

          Plaintiff,                     Hon.

v.                                               Oakland County Circuit Court
                                                 Case No. 2019-177684-CD
IGLOO PRODUCTS CORP.,                            Hon. Cheryl A. Matthews
a foreign corporation, and
COOL GEAR INTERNATIONAL, LLC,
a foreign limited liability company,

          Defendants.

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, Igloo Products Corp. and Cool Gear International, LLC, by their attorneys, Brooks Wilkins Sharkey & Turco, PLLC, remove the above-captioned matter from the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan, and expressly reserving all questions other than that of removal, states the following in support:

1.     On November 7, 2019, Lemberg Sales Agency, Inc. filed an action against Igloo and Cool Gear in the State of Michigan Oakland County Circuit Court, titled *Lemberg Sales Agency, Inc. v. Igloo Products Corp. et. al.* Case No. 2019-

177684-CD ("Circuit Court Action"). A copy of the Summons and Complaint is attached at **Exhibit A**.

2.    Lemberg served the Summons and Complaint on Igloo and Cool Gear on November 12.

3.    This is a business dispute, and concerns Lemberg's allegations that Defendants owe it sales commissions.

4.    This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

5.    For purposes of establishing Lemberg's citizenship, Lemberg alleges that it is a Michigan corporation with a principal place of business in Beverly Hills, Michigan (Complaint, ¶ 1).

6.    Defendant Igloo is a Delaware corporation with its principal place of business in Katy, Texas.

7.    Defendant Cool Gear is a limited liability company organized under the laws of Delaware.  Cool Gear's sole member is Igloo.

8.     Based on the factual allegations and Lemberg's request for relief under the Michigan Sales Representative Commission Act, Lemberg is seeking damages in excess of $75,000.

9.     This Notice of Removal is filed within 30 days of receipt of the Summons and Complaint by Plaintiff.

10.     The Oakland County Circuit Court, in which this action was commenced, is within this Court's District and Division.

11.     This Notice of Removal will be filed with the Oakland County Circuit Court and a copy of this Notice of Removal will also be served upon Lemberg.

WHEREFORE, Defendants Igloo Products Corp. and Cool Gear International, LLC provide notice that this action is removed to this Court.

Respectfully submitted,

By: /s/Brent W. Warner
    Daniel N. Sharkey (P53837)
    Brent W. Warner (P67733)
Brooks Wilkins Sharkey & Turco, PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1715
sharkey@bwst-law.com
warner@bwst-law.com

Dated:  December 10, 2019     Attorneys for Defendants

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2910, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I have served a copy of the foregoing paper by first-class mail on:

Thomas R. Warnicke, Esq.
Law Offices of Thomas R. Warnicke, PLLC
16291 W. 14 Mile Road, Suite 21
Beverly Hills, MI 48025

By: /s/ Brent W. Warner
Brent W. Warner (P67733)
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 971-1800
Attorneys for Defendants
warner@bwst-law.com

# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN** | | **SUMMONS** | CASE NO. |
|---|---|---|---|
| 6th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | 19-177684-CD |

| Court address | Court telephone no. |
|---|---|
| 1200 N. Telegraph, Pontiac, MI 48341 | (248) 858-0344 |

| Plaintiff's name(s), address(es), and telephone no(s).<br>Lemberg Sales Agency, Inc. | v | Defendant's name(s), address(es), and telephone no(s).<br>Igloo Products Corp.<br>777 Igloo Rd.<br>Katy, TX 77494 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Thomas R. Warnicke (P47148)<br>Law Offices of Thomas R. Warnicke, PLLC<br>16291 W 14 Mile Rd., Ste 21<br>Beverly Hills, MI 48025<br>(248) 930-4411 | | This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling. |

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

┌─────────────┐
│  SUMMONS    │
└─────────────┘

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 11/7/2019 | 2/6/2020 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                                        MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

2019-177684-CD

LEMBERG SALES AGENCY, INC.,
a domestic profit corporation,

JUDGE CHERYL A. MATTHEWS
Case No.                    -CK
Hon.

          Plaintiff,

v.

IGLOO PRODUCTS CORP.,
a foreign corporation, and
COOL GEAR INTERNATIONAL, LLC,
a foreign limited liability company,

          Defendants.

_____/

THOMAS R. WARNICKE (P47148)
Law Offices of Thomas R. Warnicke, PLLC
Attorneys for Plaintiff
16291 W. 14 Mile Road, Suite 21
Beverly Hills, MI 48025
(248) 930-4411
tom@warnickelaw.com

_____/

**COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY RELIEF
AND DEMAND FOR JURY TRIAL**

There is no other civil action between these parties arising out of the
same transaction or occurrence as alleged in this complaint pending
in this court, nor has any such action been previously filed and
dismissed or transferred after having been assigned to a judge.

By: *Thomas R. Warnicke*
Thomas R. Warnicke (P47148)
Attorney for Plaintiff

Plaintiff, Lemberg Sales Agency, Inc., by and through its attorneys, the Law Offices of

Thomas R. Warnicke, PLLC, states as and for its Complaint and Demand for Jury Trial as

follows:

1

## General Allegations

1. Plaintiff, Lemberg Sales Agency, Inc., is a Michigan corporation. At all times pertinent hereto, Plaintiff has done business as a sales representative agency, with its principal place of business in Beverly Hills, Michigan.

2. Defendant, Igloo Products Corp. ("Igloo"), at all relevant times hereto, was/is a foreign corporation, with its principal place of business in Katy, Texas. At all times pertinent hereto, Defendant Igloo has been engaged in business as a manufacturer of ice chests, drink containers and supporting accessories.

3. Defendant, Cool Gear International, LLC ("Defendant Cool Gear"), at all times relevant hereto, was/is a foreign limited liability company, with its principal place of business in Plymouth, Massachusetts. At all times pertinent hereto, Defendant Cool Gear has been engaged in business of creating innovative products that strive to revolutionize the green movement with various products, including water containers.

4. Upon information and belief, Defendant Cool Gear is a subsidiary of Defendant Igloo.

5. Venue and jurisdiction are proper in this Court as the amount in dispute is in excess of $25,000, exclusive of interests and costs; that Defendants engage in business and sell their products in the county of Oakland, and state of Michigan; that Defendants entered into a sales representative agreement with Plaintiff to serve as its Sales Representative in the state of Michigan; and that Defendants have sufficient minimum contacts with the county of Oakland and state of Michigan to confer jurisdiction in this Court.

## Statement of Claim

2

6. In or about the early 2000's, Plaintiff and Defendant Cool Gear entered into a sales representative agreement.

7. Plaintiff's responsibility under the agreement with Defendant Cool Gear was to solicit and procure accounts/customers and orders for Defendant Cool Gear products within Plaintiff's designated territory, particularly the state of Michigan.

8. In consideration of Plaintiff's services, Defendant Cool Gear agreed to pay Plaintiff an agreed upon commission.

9. During the parties' agreement, Plaintiff was successful in procuring numerous accounts/customers and orders for Defendant Cool Gear products.

10. Such customers/accounts included Walgreen's, Aldi, Meijer, Kitchen Collection, Spartan Nash, Shopko and H & H Wholesale.

11. Plaintiff was paid the agreed upon commissions from Defendant Cool Gear for a period time during the parties' relationship.

12. During the business relationship/agreement between Defendant Cool Gear and Plaintiff, Defendant Cool Gear was acquired by Defendant Igloo.

13. Plaintiff and Defendant Igloo then entered into a verbal sales representative agreement wherein Plaintiff was to serve as Defendant Igloo's sales representative for Igloo/Cool Gear products to various accounts/customers.

14. Plaintiff and Defendant Igloo agreed that Plaintiff was to be paid a commission on the sales/purchases of any Igloo/Cool Gear products/items that Plaintiff procured such product placement of on behalf of Defendant(s).

15. During the relationship between Plaintiff and Igloo, Plaintiff successfully procured product/item placement on behalf of Igloo/Cool Gear to various customers/accounts.

3

16. Defendant Igloo sent Plaintiff a letter dated April 13, 2017, a genuine copy which is attached hereto as **Exhibit A**.

17. In Defendant Igloo's letter to Plaintiff dated April 13, 2017, Defendant Igloo informed Plaintiff that: "Per your conversation with Todd Ensor today, Igloo Products Corp. had made the decision to exit our Representative Agreement with Lemberg & Associates effective January 23, 2017."

18. Igloo's April 13, 2017 letter was signed by Tony Carfagno, Igloo's Executive Vice-President-Global Sales.

19. Igloo also stated in its April 13, 2017 letter: "Per our discussion in January, Lemberg & Associates will be paid commissions on shipments of the two remaining Aldi Orders, cust. P.O.# US/181388/52602/25 (29ox Flavor Infuse & 23oz Chiller Flavor Infuser.) Cust. P.O.# US/18490648106/25 (Collapsible lunch/Salad asst.)."

20. On April 13, 2017, Todd Ensor, Defendant Igloo's Vice President of Sales East & Commercial, also sent Plaintiff an email, a genuine copy which is attached hereto as **Exhibit B**.

21. At no time before April 13, 2017 did Igloo ever inform Plaintiff that it was terminating the Representative Agreement between Igloo and Plaintiff.

22. Defendant Igloo's termination letter also failed to properly set forth or describe the lawful commission entitlements to which Plaintiff was entitled to upon termination.

23. On June 6, 2017, Plaintiff sent an email to Igloo in reference to Igloo's letter dated April 13, 2017, a genuine copy of Plaintiff's email is attached hereto as Exhibit C.

24. In Plaintiff's letter, it set forth commissions that were due and owing to Plaintiff, including future commissions.

4

25. Defendants failed to respond to Plaintiff's June 6, 2017 email.

26. On September 15, 2017, Plaintiff received an email from Janet Vicino, Accounts Payable, Cool Gear, a genuine copy of which is attached hereto as Exhibit D, along with the referenced commission report that was attached to the email, which also attached hereto.

27. On or about September 20, 2017, Plaintiff received in the U.S. Mail a check from Defendant Cool Gear in the amount of $26,750.35, a genuine copy of the check which is attached hereto **Exhibit E**.

28. On September 21, 2017, Plaintiff sent an email to Defendant Igloo, a genuine copy of which is attached hereto as **Exhibit F**.

29. Plaintiff's email of September 21, 2017 referenced Plaintiff's email of 6/6/17, which referenced Plaintiff's expectation of commissions on future sales (i.e. beyond the two Aldi orders which have been paid with this check).

30. Plaintiff also referenced and objected to the language of "Final Commission Payment" in the commission statement that accompanied the commission check.

31. Plaintiff further requested that Defendant(s) confirm that Plaintiff could accept and deposit the check for $26,750.35 and that Defendant Igloo would not claim that in Plaintiff's doing so it in any waived or released its entitlement/claims to future commissions.

32. Defendants failed to respond to Plaintiff's email of September 21, 2017.

33. Defendants did not provide Plaintiff with assurance that Plaintiff's acceptance and depositing of the $26,750.35 check would not result in Defendants claiming that Plaintiff waived or released its entitlement/claims to future commissions.

5

34. Defendant(s) were aware that Plaintiff did not deposit/cash the check for $26,750.35 in 2017.

35. However, Defendant Cool Gear issued Plaintiff a Form 1099-MISC for 2017 in the total amount of $55,060.04, which included the $26,750.35 in Cool Gear's check number 18002, a genuine copy which is attached hereto as **Exhibit G**.

36. Defendant(s)' submission of the Form 1099-MISC contained false information.

37. Plaintiff did not receive any communications from Defendants after Plaintiff's receipt of the settlement check until Plaintiff received an email on April 9, 2018 from Chris Hoyt, Controller, Cool Gear, a genuine copy of which is attached hereto as **Exhibit H**.

38. Plaintiff, through its undersigned counsel, sent an email to Igloo's Controller Chris Hoyt on April 11, 2018, a genuine copy of which is attached hereto as **Exhibit I**.

39. Chris Hoyt did not respond to the April 11, 2018 email from Plaintiff's counsel.

40. No one from Igloo or Cool Gear responded to the April 11, 2018 email from Plaintiff's counsel.

41. Defendant(s) have not filed a correction or amendment to the 2017 Form 1099-MISC that was issued to Plaintiff and provided to the U.S. Government.

42. There is no dispute that Plaintiff is entitled to commissions from Defendant(s) in the amount of $26,750.35 as set forth in the commission statement and check that was provided to Plaintiff.

43. Thus, Plaintiff had a legal right to receive such funds without Defendant(s) setting a necessary condition that Plaintiff's doing so would constitute "final payment" and

6

thereby be deemed a waiver or release of any additional claims Plaintiff may have had.

44. Additionally, as set forth above, Plaintiff was also entitled to receive future commissions, payable on a monthly basis, on future sales of like or similar products that Plaintiff procured such product placement for on behalf of Defendant(s), including for customers/accounts Walgreen's, Aldi, Meijer, Kitchen Collection, Spartan Nash, Shopko and H & H Wholesale.

45. After Plaintiff's termination, Defendant(s) has and will continue to receive payments from customers/accounts procured by Plaintiff and for orders and product placement that were secured by Plaintiff and accepted by Defendants.

46. Defendant(s) have breached the parties' agreement by conditioning/requiring Plaintiff's acceptance of the $26,750.35 in commissions to be "final commissions" and that Plaintiff waive or release his right to other/different commissions.

47. Defendant(s) have further breached the parties' agreement by failing to pay Plaintiff the parties' agreed upon commissions after Plaintiff's termination on future sales of like or similar products to customer/accounts procured by Plaintiff.

48. Based upon Defendant(s)' conduct to date, it is reasonably anticipated that Defendant(s) will continue to breach the parties' agreement by failing to pay Plaintiff his lawful commissions.

## COUNT 1 – BREACH OF CONTRACT

## UNPAID COMMISSIONS BY FAILING TO PAY COMMISSIONS

49. Plaintiff re-alleges the above paragraphs.

50. Plaintiff was entitled to receive commissions under the parties' agreement.

7

51. Defendant(s) breached the agreement by failing to pay Plaintiff the full amount due and owing under the agreement, without imposing limitations as to "final payment," as well as on future commissions that became due after Plaintiff's termination.

52. As a result of Defendant(s)' breaches to date, and anticipated future breaches, Plaintiff has incurred monetary damages, including the aforesaid commission deficiency or underpayment of such amounts rightfully due to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of $25,000.00, or whatever different amount to which Plaintiff is found to be entitled, together with costs, interest and attorney fees so wrongfully incurred, as well as a declaratory judgment from this Court that Plaintiff is entitled to future commissions.

## COUNT 2 - VIOLATION OF MCL 600.2961

## THE MICHIGAN SALES REPRESENTATIVE COMMISSION ACT

53. Plaintiff re-alleges the above paragraphs.

54. Pursuant to MCL 600.2961(1)(d):

"(d) 'Principal' means a person that does either of the following:

(i) Manufactures, produces, imports, sells or distributes a product in this state.

(ii) Contracts with a sales representative to solicit orders for or sell a product in this state."

55. Defendant(s) manufactures, produces, imports, sells or distributes a product in the State of Michigan.

56. Defendant(s) are principals within the meaning of the Act.

57. Pursuant to Section 1(e) of the Act:

8

"(e)    'Sales representative' means a person who contracts with or is employed by a principal for the solicitation of orders or sale of goods and is paid, in whole or in part, by commission. Sales representative does not include a person who places an order or sale for a product on his or her own account for re-sale by that sales representative."

58.    Plaintiff contracted with Defendant(s) for the solicitation of orders or sale of goods, and was paid, in whole or in part, by commission.

59.    Plaintiff is a sales representative within the meaning of the Act.

60.    Pursuant to Section 4 of the Act:

"(4)    All commissions that are due at the time of termination of a contract between a sales representative and principal shall be paid within 45 days after the date of termination. Commissions that become due after the termination date shall be paid within 45 days after the date on which the commission became due."

61.    Commissions were due at the time of termination of the contract and/or have become due after termination that have not been paid within 45 days after the date on which they were due.

62.    Pursuant to Section 5 of the Commission Act:

"(5)    A principal who fails to comply with this section is liable to the sales representative for both of the following:

(a)    Actual damages caused by the failure to pay the commissions when due.

9

(b) If the principal is found to have intentionally failed to pay the commission when due, an amount equal to 2 times the amount of commissions due but not paid as required by this section or $100,000.00, whichever is less."

63. Defendant(s) have intentionally failed to pay commissions due and owing to Plaintiff within the time periods set by MCL 600.2961.

64. As a proximate result of Defendant(s)' violations of the Sales Commission Act, Plaintiff is entitled to statutory actual damages, along an amount equal to 2 times the amount of commissions due but not paid as required by this section or $100,000, whichever is less.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of $25,000.00, or whatever different amount to which Plaintiff is found to be entitled, together with statutory penalties, costs, interest and attorney fees so wrongfully incurred.

## COUNT 3 – PROCURING CAUSE DOCTRINE

65. Plaintiff re-alleges the above paragraphs.

66. In the alternative, if no express agreement is found to have existed between Plaintiff and Defendant(s) as to commissions to which Plaintiff would be entitled to in the event of termination, Plaintiff's entitlement to commissions is governed by the Procuring Cause Doctrine.

67. Under the Procuring Cause Doctrine, Plaintiff is entitled to a commission for its procurement of customers/accounts, as well as orders of product placement procured by Plaintiff on behalf of Defendant(s), including all sales, orders, and reorders of

10

Defendant(s)' goods by such customers/accounts, even if the sales, orders and reorders took place after Plaintiff's termination, and regardless of whether Plaintiff was involved in the particular sales, order or reorder.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $25,000.00, or whatever different amount to which Plaintiff is found to be entitled, together with costs, interest and attorney fees so wrongfully incurred. Plaintiff also demands judgment against Defendants declaring that Defendants shall pay Plaintiff a commission on all sales, orders and reorders of Defendants' goods secured by Plaintiff.

### COUNT 4 – UNJUST ENRICHMENT

68. Plaintiff re-alleges the above paragraphs.

69. Should a trier of fact determine that the parties did not reach a meeting of the minds concerning the commissions due to Plaintiff, Plaintiff is entitled to the commissions claimed under the doctrine of unjust enrichment, since otherwise Defendants would reap the benefits of Plaintiff's services without proper compensation.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $25,000.00, or whatever different amount to which Plaintiff is found to be entitled, together with costs, interest and attorney fees so wrongfully incurred, together with a declaratory order/judgment that Plaintiff is entitled to his contractually agreed upon commissions.

Respectfully submitted,

**LAW OFFICES OF THOMAS R. WARNICKE, PLLC**

By: /s/ Thomas R. Warnicke
Thomas R. Warnicke (P47148)
Attorneys for Plaintiff

11

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of this matter.

Respectfully submitted,

**LAW OFFICES OF THOMAS R. WARNICKE, PLLC**

By: /s/ Thomas R. Warnicke
Thomas R. Warnicke (P47148)
Attorneys for Plaintiff

12

# EXHIBIT A



Igloo Products Corp.
777 Igloo Road
Katy, TX 77494
281-394-6334

April 13, 2017

Doug Lemberg
Lemberg Sales Agency
16267 W. 14th Mile Road
Beverly Hills, MI 48025

Dear Doug:

Per your conversation with Todd Ensor today, Igloo Products Corp. had made the decision to exit our Representative Agreement with Lemberg & Associates effective January 23, 2017.

Per our discussion in January, Lemberg & Associates will be paid commissions on shipments of the two remaining Aldi Orders, cust. P.O# US/181388/52602/25 (29oz Flavor Infuse & 23oz Chiller Flavor Infuser.) Cust. P.O # US/18490648106/25 (Collapsible lunch/Salad asst.).

It is our expectation that you will in good faith forward on to Brandie Alexander any communications sent to you from Walgreens, Meijer, or Aldi intended for Igloo Products Corp.

We appreciate the efforts that have been put forth on behalf of Igloo Products Corp. and wish you much success moving forward.

Thank you again for your support.

Sincerely,

Tony Carfagno
Executive Vice President- Global Sales

cc.
Brandie Alexander
Todd Ensor
Michele Burnaman

# EXHIBIT B

**From:** Todd Ensor [                          ]
**Sent:** Thursday, April 13, 2017 9:17 AM
**To:** Doug Lemberg
**Cc:** Brandie Alexander; Tony Carfagno; Joseph Roth; Michele Burnaman; Kimberly HJermstad; Janet Vicino
**Subject:** LEmberg Associates Release letter (003)

Doug, per our conversation earlier this week & previous conversations dating back to January please see the attached release letter. It is our understanding that you will forward any communication on to Brandie Alexander as it relates to Igloo Products Corp with regard to Meijer or Aldi and do the same with Tara Moody on Walgreens. Please confirm that you received this email and call me if you have any questions. Thanks, Todd



**Todd Ensor**
*VICE PRESIDENT OF SALES EAST & COMMERCIAL*

Igloo Products Corp.
777 Igloo Road, Katy, TX 77494

O: 410.900.6758
C: 410.900.6758

2

# EXHIBIT C

From: Doug Lemberg
Sent: Tuesday, June 06, 2017 8:02 PM
To: 'Todd Ensor'
Cc: Brandie Alexander; Tony Carfagno; Joseph Roth; Michele Burnaman; Kimberly Hjermstad; Janet Vicino
Subject: RE: LEmberg Associates Release letter (003)

Dear Todd:

Reference is made to your letter dated April 13, 2017.

Be assured that Lemberg Sales Agency has continued to forward in good faith to Igloo Products any communications sent to Lemberg Sales Agency from Walgreens, Meijer, Aldi, Kitchen Collection, Spartan Nash, ShopKo, H & H Wholesale, and all other retailers that were intended for or related to Igloo.

As to future commissions, we look forward to receiving not only the commissions on the shipments of the two remaining Aldi orders referenced in your letter, but on future sales of like or similar products Lemberg Sales Agency procured such product placement. This includes Walgreens, Meijer, Aldi, Kitchen Collection, Spartan Nash, ShopKo, H & H Wholesale, and all other retailers LSA represented for Igloo Products.

Sincerely -- Doug Lemberg

O ~ 248-540-9002   F ~ 248-540-5908   C ~ 248-891-1841   Skype ~ doug.lemberg
Don't give up. Don't ever give up. - Jim Valvano

# EXHIBIT D

**From:** Janet Vicino [mailto:JVicino@igloocorp.com]
**Sent:** Friday, September 15, 2017 3:22 PM
**To:** Doug Lemberg
**Subject:** COOL GEAR COMMISSIONS

Please see attached for your commission report. The check was mailed today.



**Janet Vicino** *ACCOUNTS*
*PAYABLE*
Cool Gear International LLC10 Cordage
Park #212. Plymouth. MA 02360
O: 508.556.7946coolgearint.com

Cool Gear International, Inc.
LEMBERG SALES · V# 142

REMITTANCE -MAY 2017
APRIL COMMISSION ACCRUAL

StartDueDate
4/2/17

EndDueDate
4/29/17

| REP | Apply To Ir | Cust | Name | Type | Description | Number | Invoice Date | Amount | % | %Amnt |
|-----|-------------|------|------|------|-------------|--------|--------------|--------|---|-------|
| _SA | 2387263 | 294 | KITCHEN COLL | Credit Memo | Credit Memo CR0310896 | CR03108961 | 4/10/17 | | 5% | (3.60) |
| _SA | 2395081 | 340 | MEIJER | Credit Memo | Chargeback OTHER | CR03109089 | 4/24/17 | | 5% | (0.27) |
| _SA | 2395161 | 340 | MEIJER | Credit Memo | Chargeback PROMPT | CR03109090 | 4/24/17 | | 5% | (11.65) |
| _SA | 2395164 | 340 | MEIJER | Credit Memo | Chargeback SHIPPING | CR03109091 | 4/24/17 | | 5% | (102.33) |
| _SA | 2393158 | 441 | SPARTAN STO | Credit Memo | Chargeback DEFECT1 | CR03108937 | 4/3/17 | | 5% | (1.90) |
| | | | | | | | | 1 | | (120.65) |

| MONTH TOTAL | (S120.65) |
|-------------|-----------|

REMITTANCE · SEPT. 2017
JUNE COMMISSION ACCRUAL

StartDueDate
5/28/17

EndDueDate
7/1/17

| REP | NAME | cust_n | cust_name | SO# | Cust_Po | inv_num | inv_date | comm_base | % | comm_ca |
|-----|------|--------|-----------|-----|---------|---------|----------|-----------|---|---------|
| _SA | LEMBERG S | 19 | ALDI INC. | SO00030935 | US/181388/52602/25 | 2399795 | 5/31/17 | $95,232.00 | 4% | $3,809.28 |
| _SA | LEMBERG S | 19 | ALDI INC. | SO00030935 | US/181388/52602/25 | 2399796 | 5/31/17 | $133,362.00 | 4% | $5,334.48 |
| _SA | LEMBERG S | 19 | ALDI INC. | SO00031052 | US/18490648106/25 | 2401204 | 6/17/17 | $111,493.20 | 4% | $4,459.73 |
| _SA | LEMBERG S | 19 | ALDI INC. | SO00031052 | US/18490648106/25 | 2401205 | 6/20/17 | $334,479.60 | 4% | $13,379.18 |
| | | | | | | | | $674,566.80 | | $26,982.67 |

| Rep | Apply To Ir | cust# | cust_name | Type | inv_num | ref | inv_date | Amount | % | % Amnt |
|-----|-------------|-------|-----------|------|---------|-----|----------|--------|---|--------|
| _SA | 2393651 | 340 | MEIJER | Credit Memo | CR03109353 | ARC CR03109353 | 6/6/17 | | 5% | (50.52) |
| _SA | 2389955 | 340 | MEIJER | Credit Memo | CR03109354 | ARC CR03109354 | 6/6/17 | | 5% | (33.30) |
| _SA | 2389956 | 340 | MEIJER | Credit Memo | CR03109357 | ARC CR03109357 | 6/7/17 | | 5% | (526.25) |
| _SA | 2389956 | 340 | MEIJER | Credit Memo | CR03109358 | ARC CR03109358 | 6/7/17 | | 5% | (516.33) |
| _SA | 2389956 | 340 | MEIJER | Credit Memo | CR03109359 | ARC CR03109359 | 6/7/17 | | 5% | (53.60) |
| _SA | 2389956 | 340 | MEIJER | Credit Memo | CR03109360 | ARC CR03109360 | 6/7/17 | | 5% | (52.10) |
| _SA | 2391980 | 340 | MEIJER | Credit Memo | CR03109407 | ARP 2587544 CB DOCUMEN1 | 6/13/17 | | 5% | (520.75) |
| _SA | 2391980 | 340 | MEIJER | Credit Memo | CR03109408 | ARP 2587544 CB PROMPT | 6/13/17 | | 5% | (51.10) |
| _SA | 2391980 | 340 | MEIJER | Credit Memo | CR03109409 | ARP 2587544 CB SHIPPING | 6/13/17 | | 5% | (532.16) |
| | | | | | | | | | | (511.67) |

| MONTH TOTAL | $26,871.00 |
|-------------|------------|

| FINAL COMMISSION PAYMENT | $26,750.35 |
|--------------------------|------------|

# EXHIBIT E

18002

Vendor: V000142

Check
18002

| Our Reference Number | Your Invoice | Invoice Date | Invoice Amount | Amount Paid Discount Taken | Net Check Amount |
|---|---|---|---|---|---|
| 10906 | | 7/7/2017 | -120.65 | -120.65 | -120.65 |
| | JULY 2017 COMM- 4/17 | | Discount Taken: | 0.00 | 0.00 |
| 11596 | | 8/30/2017 | 26,871.00 | 26,871.00 | 26,871.00 |
| | SEPT 2017 COMM-6/17 | | Discount Taken: | 0.00 | 0.00 |
| | | Currency: | USD | Total Amount | 26,750.35 |
| Payment Exch Rate: | | 1.000 Currency: | USD | Check Amt | 26,750.35 |

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

**cool gear**

**COOL GEAR INTERNATIONAL, LLC**
10 CORDAGE PARK CIRCLE
SUITE 212
PLYMOUTH, MA 02360

PNC BANK, N.A.
PASSAIC, NJ

55-277/312

18002

| Vendor | Check Date | Check |
|---|---|---|
| V000142 | 9/8/2017 | 18002 |
| | | Payment Amt |
| S | | ********26,750.35 |

***Twenty Six Thousand Seven Hundred Fifty and 35/100 Dollars

Pay to the
Order of     LEMBERG SALES AGENCY
             ATT: DOUG LEMBERG
             16267 WEST 14 MILE ROAD
             BEVERLY HILLS MI 48025
             UNITED STATES

AUTHORIZED SIGNATURE                    MP

THE BACK OF THIS DOCUMENT CONTAINS CHECK SECURITY WATERMARK AND COIN REACTIVE

# EXHIBIT F

## Doug Lemberg

| | |
|---|---|
| **From:** | Doug Lemberg |
| **Sent:** | Thursday, September 21, 2017 2:13 PM |
| **To:** | 'Todd Ensor' |
| **Cc:** | 'Brandie Alexander'; 'Tony Carfagno'; 'Joseph Roth'; 'Michele Burnaman'; 'Kimberly Hjermstad'; 'Janet Vicino' |
| **Subject:** | RE: Lemberg  Associates Release letter (003) |
| **Attachments:** | LSA.XLSX |

Todd,

I received the attached commission statement entitled "Remittance – May 2017- April Commission Accrual", along with ta corresponding check In the amount of $26,750.35. However, despite my email of 6/6/17 which referenced Lemberg Sales' expectation of commissions on future sales (i.e. beyond the two Aldi orders which have been paid with this check), there is language Included on the statement that reads "Final Commission Payment." Thus, I am not willing to accept the $26,750.35 as Lemberg Sales' final commission payment. Please confirm within seven days in a response email that Lemberg Sales may accept and deposit the check for $26,750.35 (which are commissions owed to Lemberg Sales and are not in dispute), and that Igloo Products Corp. will not claim that in doing so, Lemberg Sales in any way waived or released it entitlement/claims to future commissions.

Thanks....Doug Lemberg

We moved. our new address is below.

16291 W. 14 Mile Road
Suite
Beverly Hills, MI  48025

O ~ 248-540-9002   F ~ 248-540-5908   C ~ 248-891-1841   Skype ~ doug.lem..
...... give up. Don't ever give up. - Jim Valvano

# EXHIBIT G

☐ CORRECTED (if checked)

| PAYER'S name, street address, city or town, province or state, country, ZIP or foreign postal code, and telephone no | | 1 Rents $ | 2 Royalties $ | OMB No 1545-0115 |
| COOL GEAR INTERNATIONAL LLC 10 CORDAGE PARK CIRCLE Plymouth, MA 02360 | | 3 Other income $ | 4 Federal income tax withheld $ | **2017** Form 1099-MISC |
| (281) 394-6676 | | 5 Fishing boat proceeds $ | 6 Medical & health care payments $ | Miscellaneous Income |
| PAYER'S federal identification number �ac██████ | RECIPIENT'S identification number XX-XXX6197 | 7 Nonemployee compensation $ 55060.04 | 8 Substitute payments in lieu of dividends or interest $ | Copy B - For Recipient |
| RECIPIENT'S name LEMBERG SALES AGENCY 16267 WEST 14 MILE ROAD ATT: DOUG LEMBERG BEVERLY HILLS, MI 48025 | | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ☐ | 10 Crop insurance proceeds $ | This is important tax information and is being furnished to the Internal Revenue Service  If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported |
| | | 11 | 12 | |
| | | 13 Excess golden parachute payments $ | 14 Gross proceeds paid to an attorney $ | |
| | | 15a Section 409A deferrals $ | 15b Section 409A income $ | |
| Account number (see instructions) V000142 | FATCA filing requirement ☐ | 16 State tax withheld $ | 17 State/Payer's state no | 18 State income |
| Form 1099-MISC | (keep for your records) | www.irs.gov/form1099misc | | Department of the Treasury - Internal Revenue Service |

## Instructions for Recipient - 1099-MISC (2017)

Recipient's taxpayer identification number. For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN). However, the issuer has reported your complete identification number to the IRS

Account number. May show an account or other unique number the payer assigned to distinguish your account.

FATCA filing requirement. If the FATCA filing requirement box is checked, the payer is reporting on this Form 1099 to satisfy its chapter 4 account reporting requirement. You also may have a filing requirement. See the Instructions for Form 8938.

Amounts shown may be subject to self-employment (SE) tax. If your net income from self-employment is $400 or more, you must file a return and compute your SE tax on Schedule SE (Form 1040). See Pub. 334 for more information. If no income or social security and Medicare taxes were withheld and you are still receiving these payments, see Form 1040-ES (or Form 1040-ES(NR)). Individuals must report these amounts as explained in the box 7 instructions on this page. Corporations, fiduciaries, or partnerships must report the amounts on the proper line of their tax returns.

Form 1099-MISC incorrect? If this form is incorrect or has been issued in error, contact the payer. If you cannot get this form corrected, attach an explanation to your tax return and report your income correctly.

Box 1. Report rents from real estate on Schedule E (Form 1040). However, report rents on Schedule C (Form 1040) if you provided significant services to the tenant, sold real estate as a business, or rented personal property as a business

Box 2. Report royalties from oil, gas, or mineral properties, copyrights, and patents on Schedule E (Form 1040). However, report payments for a working interest as explained in the box 7 instructions. For royalties on timber, coal, and iron ore, see Pub. 544.

Box 3. Generally, report this amount on the "Other income" line of Form 1040 (or Form 1040NR) and identify the payment. The amount shown may be payments received as the beneficiary of a deceased employee, prizes, awards, taxable damages, Indian gaming profits, or other taxable income. See Pub. 525. If it is trade or business income, report this amount on Schedule C or F (Form 1040).

Box 4. Shows backup withholding or withholding on Indian gaming profits. Generally, a payer must backup withhold if you did not furnish your taxpayer identification number. See Form W-9 and Pub. 505 for more information. Report this amount on your income tax return as tax withheld.

Box 5. An amount in this box means the fishing boat operator considers you selfemployed. Report this amount on Schedule C (Form 1040). See Pub. 334.

Box 6. For individuals, report on Schedule C (Form 1040).

Box 7. Shows nonemployee compensation. If you are in the trade or business of catching fish, box 7 may show cash you received for the sale of fish. If the amount in this box is SE income, report it on Schedule C or F (Form 1040), and complete Schedule SE (Form 1040). You received this form instead of Form W-2 because the payer did not consider you an employee and did not withhold income tax or social security and Medicare tax. If you believe you are an employee and cannot get the payer to correct this form, report the amount from box 7 on Form 1040, line 7 (or Form 1040NR, line 8). You must also complete Form 8919 and attach it to your return. If you income from a sporadic activity or a hobby, report it on Form 1040, line 21 (or Form 1040NR, line 21)

Box 8. Shows substitute payments in lieu of dividends or tax-exempt interest received by your broker on your behalf as a result of a loan of your securities. Report on the "Other income" line of Form 1040 (or Form 1040NR).

Box 9. If checked, $5,000 or more of sales of consumer products was paid to you on a buy-sell, deposit-commission, or other basis. A dollar amount does not have to be shown. Generally, report any income from your sale of these products on Schedule C (Form 1040).

Box 10. Report this amount on Schedule F (Form 1040).

Box 13. Shows your total compensation of excess golden parachute payments subject to a 20% excise tax. See the Form 1040 (or Form 1040NR) instructions for where to report.

Box 14. Shows gross proceeds paid to an attorney in connection with legal services. Report only the taxable part as income on your return.

Box 15a. May show current year deferrals as a nonemployee under a nonqualified deferred compensation (NQDC) plan that is subject to the requirements of section 409A, plus any earnings on current and prior year deferrals.

Box 15b. Shows income as a nonemployee under an NQDC plan that does not meet the requirements of section 409A. This amount is also included in box 7 as nonemployee compensation. Any amount included in box 15a that is currently taxable is also included in this box. This income is also subject to a substantial additional tax to be reported on Form 1040 (or Form 1040NR). See "Total Tax" in the Form 1040 (or Form 1040NR) instructions.

Boxes 16-18. Shows state or local income tax withheld from the payments.

Future developments. For the latest information about developments related to Form 1099-MISC and its instructions, such as legislation enacted after they were published go to www.irs.gov/form1099misc.

---

☐ CORRECTED (if checked)

| PAYER'S name, street address, city or town, province or state, country, ZIP or foreign postal code, and telephone no | | 1 Rents $ | 2 Royalties $ | OMB No 1545-0115 |
| COOL GEAR INTERNATIONAL LLC 10 CORDAGE PARK CIRCLE Plymouth, MA 02360 | | 3 Other income $ | 4 Federal income tax withheld $ | **2017** Form 1099-MISC |
| (281) 394-6676 | | 5 Fishing boat proceeds $ | 6 Medical & health care payments $ | Miscellaneous Income |
| PAYER'S federal identification number ██████ | RECIPIENT'S identification number XX-XXX6197 | 7 Nonemployee compensation $ 55060.04 | 8 Substitute payments in lieu of dividends or interest $ | Copy 2 |
| RECIPIENT'S name LEMBERG SALES AGENCY 16267 WEST 14 MILE ROAD ATT: DOUG LEMBERG BEVERLY HILLS, MI 48025 | | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ☐ | 10 Crop insurance proceeds $ | To be filed with recipient's state income tax return, when required. |
| | | 11 | 12 | |
| | | 13 Excess golden parachute payments $ | 14 Gross proceeds paid to an attorney $ | |
| | | 15a Section 409A deferrals $ | 15b Section 409A income $ | |
| Account number (see instructions) V000142 | FATCA filing requirement ☐ | 16 State tax withheld $ | 17 State/Payer's state no | 18 State income |
| Form 1099-MISC | | | | |

# EXHIBIT H

From: Chris Hoyt [mailto:CHoyt@igloocorp.com]
Sent: Monday, April 09, 2018 2:41 PM
To: Doug Lemberg
Cc: Kristi Denardo
Subject: Cool Gear International Check# 18002

Good afternoon,

Our records indicate Cool Gear Check# 18002 in the amount of $26,750.35 and pay to the order of Lemberg Sales Agency remains outstanding with our bank account.

Did you receive this check? If not, we can stop payment, void and reissue.

Please let us know when you have a moment.

Thank you,
Chris



**Chris Hoyt**
*Controller*
Cool Gear International LLC
10 Cordage Park #212, Plymouth, MA 02360
O: 508 556.7952
coolgearinc.com

2

# EXHIBIT I

From: Tom Warnicke [mailto:Tom@warnickelaw.com]
Sent: Wednesday, April 11, 2018 3:01 PM
To: CHoyt@igloocorp.com
Cc: Doug Lemberg; Info@warnickelaw.com
Subject: Cool Gear International Check# 18002

Dear Ms. Hoyt:

My firm's client, Doug Lemberg/Lemberg Sales Agency ("Lemberg"), forwarded to us your below email. I trust you are not aware of the pending dispute regarding Lemberg and Cool Gear/Igloo relating to this check and future commissions. Because Lemberg was presented with this check as "final payment," wherein it may be interpreted that Lemberg waived any and all of its other claims if it accepted this check, we advised it not to. In any event, please do not direct any further correspondence to Lemberg directly.

I kindly request that you confirm receipt of this email and that all future correspondence regarding this matter be directed to my attention from Cool Gear/Igloo's attorney.

Very truly yours,

THOMAS R. WARNICKE
LAW OFFICES OF THOMAS R. WARNICKE, PLLC
16291 W. 14 Mile Road, Suite 21
Beverly Hills, MI 48025
Phone: (248) 930-4411
Fax: (248) 232-7832
tom@warnickelaw.com
www.WarnickeLawFirm.com

  

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

TAX ADVICE NOTICE: Tax advice, if any, contained in this e-mail does not constitute a "reliance opinion" as defined in IRS Circular 230 and may not be used to establish reasonable reliance on the opinion of counsel for the purpose of avoiding the penalty imposed by Section 6662A of the Internal Revenue Code. The firm provides reliance opinions only in formal opinion letters containing the signature of a partner.